UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | | |
|---|---|---|
| JOYCE GOFF. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. 05-274-GFV |
| VS. | ) | |
| | ) | |
| | ) | |
| BARRY KEITH GOFF and | ) | |
| RODNEY GOFF. | ) | **OPINION & ORDER** |
| | ) | |
| Defendants/Third Party Plaintiffs, | ) | |
| | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| | ) | |
| WHAYNE SUPPLY COMPANY d/b/a | ) | |
| WHAYNE SUPPLY COMPANY THRIFT | ) | |
| AND SAVINGS PLAN. | ) | |
| | ) | |
| Third Party Defendant. | ) | |

*** *** *** ***

This matter is before the Court on the Defendants/Third Party Plaintiffs' Motion to Remand. [Rec. No. 4]. The Third Party Defendant having responded [Rec. No. 5], the motion is now ripe for review.[1] For the reasons set forth below, the Motion will be granted and this matter remanded to state court.

**BACKGROUND**

The Plaintiff initiated her claims against the Defendants/Third Party Plaintiffs by filing a Petition for Declaration of Rights with the Pike Circuit Court. The Plaintiff, a widow, sought to

---

[1]The Plaintiff, Joyce Goff, has filed a Motion for Joinder, or alternatively, Motion to Intervene. [Rec. No. 6]. The Court denies this Motion as moot.

clarify her entitlement to the proceeds of her late husband's estate and the effect of an antenuptial agreement she had signed on her proportionate share of those proceeds. In response, the Plaintiff's stepchildren, the Defendants, asserted their interest in the estate, including the proceeds of a retirement plan administered by Whayne Supply Company known as the Whayne Supply Company Thrift and Savings Plan (the "Plan"). The Defendants filed a Third Party Complaint against the Plan requesting that the proceeds of the Plan be placed in escrow with the Pike Circuit Court pending the outcome of the litigation.

On September 1, 2005, the Plan, now a third party defendant, filed a Notice of Removal which purported to remove only the Third Party Complaint[2] to this Court pursuant to 28 U.S.C. §1441. [Rec. No. 1, p.1]. This Notice states that removal is proper under §1441 as this Court has federal question subject matter jurisdiction. According to the Notice, the dispute between the Plan beneficiaries is governed by the Employee Retirement Income Security Act ("ERISA") and consequently could have been brought as an original action in this Court pursuant to 28 U.S.C. §1331. [Record No. 1, p. 3]. The Defendants/Third Party Plaintiffs filed a Motion to Remand arguing that the fundamental claims regarding the enforceability and effect of the antenuptial agreement are grounded in state law. [Record No. 4, p. 3]. The Plan responded claiming that because the Third Party Complaint involves an ERISA plan, the matter is one of exclusive federal jurisdiction. [Record No. 1, p. 2-4].

This Court disagrees with the Plan for two fundamental reasons. First, a third party

---

[2]The Court assumes that the Notice of Removal was intended to encompass the entire case as the Court is not aware of any basis upon which only the third party complaint in this case would be removable. See Rager v. Crampes, 223 F.Supp. 346, 347 (W.D. Ky. 1963) (holding that there is no authorization to remove only a third party claim to federal court independent of the remainder of the action, absent express authorization from Congress or the Constitution). Accordingly, the style of this action is based upon the original complaint filed in state court.

defendant may not remove an action under 28 U.S.C. §1441.  Second, although federal law provides the substantive remedies for ERISA benefit claims and this Court would have original jurisdiction under 28 U.S.C. §1331, state courts of competent jurisdiction have concurrent jurisdiction with United States district courts in claims for ERISA benefits like that presented here.  Accordingly, remand to the Pike Circuit Court is appropriate.

### ANALYSIS

It is well-established that the federal courts are courts of limited jurisdiction.  Thus, any doubts regarding federal jurisdiction should be construed in favor of remanding the case to state court.  Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941); Cole v. Great Atlantic & Pacific Tea Co., 728 F.Supp.1305, 1307 (E.D. Ky. 1990) (citing Walsh v. American Airlines, Inc., 264 F. Supp. 514, 515 (E.D. Ky. 1967)).  In determining the appropriateness of remand, a court must consider whether federal jurisdiction existed at the time the removing party filed the notice of removal.  Ahearn v. Charter Township of Bloomfield, 100 F.3d 451, 453 (6th Cir. 1996).

At the time of removal, the Plan was a *third-party* defendant brought into the original action by a party other than the Plaintiff.  The statute authorizing removal, and relied upon by the Plan for removal, provides that an action is removable by a "defendant or the defendants" in circumstances where this Court would have original jurisdiction.  28 U.S.C. § 1441(a)-(c).  Thus, the question before this Court is whether a "third party" defendant is a "defendant" for purposes of removal under the statute.  While some circuits have permitted removal, the Sixth Circuit concluded that a third-party defendant is not a *defendant* for purposes of removal under 28 U.S.C. §1441.  First National Bank of Pulaski v. Curry, 301 F.3d 456 (6th Cir. 2002).  Thus, the Plan, as a third-party defendant, improperly removed this action under section 1441.

Because the removal was improper, this Court does not have subject matter jurisdiction and the action must be remanded.

In <u>Curry</u>, the initial action began in state court between First National Bank of Pulaski and the Curry family.  As the litigation progressed, the Curry family filed a third party complaint against William Horne alleging violations of federal banking laws.  Horne, as a third party defendant, removed the case to federal court on the basis of federal question jurisdiction.  At no time did the parties or the district court question the propriety of the removal.  The case continued and the federal claims were eventually dismissed.  The case was remanded to state court and an appeal followed.

On appeal, the Sixth Circuit conducted an independent and exhaustive analysis of a district court's jurisdiction under 28 U.S.C. §1441(a)-©)[3] and concluded that "third party defendants may not remove an action to federal court."  <u>Id</u>. at 458.  To hold otherwise unnecessarily "encroaches on a state court's jurisdiction."  <u>Id</u>. at 462 (citations omitted).  This Court takes each pertinent section in turn.  Section 1441(a) provides in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. §1441(a).  Congress specifically identified who may remove for purposes of this section - *a defendant or the defendants*.  Because the "determination of who is a defendant is

---

[3]Section 1441(b) does not create an independent right of removal, but rather operates as a limitation on the right of removal created by section 1441(a) when the basis of removal is diversity jurisdiction.  <u>See</u> <u>Curry</u>, 301 F.3d at 461, fn 3.  Accordingly, subparts (a) and ©) are the "relevant statutory provisions" governing the "propriety of third-party removal."  <u>Id</u>.

4

determined by the original complaint [and] not subsequent third or fourth-party complaints...third party defendants brought into the state action by the original defendant" do not have the right to remove an action to federal court. Curry, supra, 301 F.3d at 462 (citations omitted). The intention was to create a limited and narrow right of removal which "applies only to the action as framed by the pleading that commences the action. Counterclaims, cross-clams, and third-party claims cannot be the basis for removal under § 1441(a)." Id. The Plan, as a third party defendant brought into this litigation by someone other than the Plaintiff, does not have a right to remove the action to this Court under section 1441(a).

The same rationale applies to any potential removal rights the Plan may assert under section 1441©). This provision permits removal of the entire case "whenever a *separate and independent* claim or cause of action within the jurisdiction conferred by section 1331 of this title is *joined* with one or more otherwise non-removable claims or causes of action." 28 U.S.C. §1441©) (emphasis added). An equally narrow interpretation applies to this section's key terms making removal by a third party impermissible.

First, a third party claim would rarely, if ever, meet the "separate and independent" requirement. Generally, third party claims are "conditioned" in some way on the claims asserted in the main action. This case is no exception. The original action was filed by the Plaintiff seeking to void an antenuptial agreement limiting her entitlement to proceeds of her late husband's estate. Those proceeds included the contents of the ERISA-governed Plan at issue in the third-party complaint. The Defendants filed the third-party complaint requesting that the proceeds of the Plan be placed in escrow pending the outcome of the litigation involving the antenuptial agreement. The Court finds that the third-party complaint is inextricably linked to

5

the original complaint and not sufficiently distinct as to meet the statutory requirement of "separate and independent." See Curry, supra, 301 F.3d at 465.

Additionally, to be removable under 1441(c), a claim must be "joined" with otherwise non-removable claims. In this circuit, the term "joined" is strictly construed to include only those "claims joined by the plaintiff in the original state court action." Id. at 466. See also Dowell Division of Dow Chemical Co. V. Ormsby, et al, 204 F.Supp. 38, 39 (E.D. Ky. 1962). Simply put, the third-party complaint was filed by the defendants in the original action and thus is not a claim "joined" by the plaintiff for purposes of 1441©) removal.

This Court recognizes that neither the Plaintiffs or the Third Party Plaintiffs specifically objected to removal based on the fact that the Plan was a third-party defendant or that this Court was without subject matter jurisdiction. The appellate court in Curry faced a similar situation inasmuch as the parties had not raised the propriety of the basis for removal. Nonetheless, the Sixth Circuit addressed the issue, *sua sponte,* out of obligation to the jurisdictional constraints placed on federal courts. See id. at 461. Likewise, this Court has the inherent power and duty to insure the requirements for subject matter jurisdiction are satisfied in all cases. Baird v. Norton, 266 F.3d 408, 410 (6th Cir. 2001) (citations omitted). Removal by a third party defendant is "'too much akin to the tail wagging the dog' and 'brings into a federal court a suit between the original parties which has no independent basis for federal jurisdiction. This is an unwarranted extension of the federal judicial power.'" Curry, supra, 301 F.3d at 464 (citations omitted).

Based on the reasoning set forth in Curry, this Court finds that because the Plan was not a defendant against whom the Plaintiff made allegations, in either the original action or subsequent

pleadings, this action was not removable under 28 U.S.C. §1441.  Accordingly, subject matter

jurisdiction does not exist and the entire action should be remanded to the Pike Circuit Court.

Although not dispositive of Plaintiff's request for remand in light of the Court's removal

analysis under Curry, this Court nonetheless addresses the Plan's contention that this matter is

properly removed because the third party complaint raises a question of federal law.  While it is

true that federal law provides the exclusive framework of remedies governing certain benefit

disputes like the one presented here, it does not provide that federal courts are the exclusive

forum for all disputes involving ERISA plans.  In fact, federal and state courts have concurrent

jurisdiction over claims for benefits exactly like that presented here.  The parties are trying to

determine their respective rights to benefits under the Plan.  This is a claim under 29 U.S.C.

§1132(a)(1)(B).[4]  Both this Court and state courts have concurrent jurisdiction of such claims:

> Except for actions under subsection (a)(1)(B) of this section, the district courts of
> the United States shall have exclusive jurisdiction of civil actions under this
> subchapter brought by the Secretary or by a participant, beneficiary, fiduciary, or
> any person referred to in section 1021(f)(1) of this title.  State courts of competent
> jurisdiction and district courts of the United States shall have concurrent
> jurisdiction of actions  under paragraphs (1)(B) and (7) of subsection (a) of this
> section.

29 U.S.C. §1132(e)(1); see also Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987)

*superseded by statute on other grounds as stated in* Hunter v. Ameritech, 779 F.Supp. 419 (N.D.

Ill. 1991) (recognizing that in suits to enforce or determine a right to benefits under an ERISA

plan, the action would arise under federal law regardless of whether the action was filed in *state*

---

[4] Under ERISA, a civil action may be brought by an plan participant or beneficiary to
"recover benefits due to him under the terms of his plan, to enforce his rights under the terms of
the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C.
§1132(a)(1)(B).

7

*or federal* court).  In fact, the Plan cites <u>Taylor</u> for this very point in its own brief. [Record No. 5, p. 3].  Because this Court and the Pike Circuit Court would have concurrent jurisdiction over the Third Party Complaint, the Plan incorrectly assumes that the action <u>must</u> be handled exclusively in the federal district court.  The Pike Circuit Court is both competent to adjudicate the ERISA benefits claim and authorized to do so by statute.[5]  Thus, the Plan nor the claimants will suffer any prejudice by allowing the Pike Circuit Court to resolve this matter along with the claims surrounding the antenuptial agreement.

**CONCLUSION**

Accordingly, and for the reasons stated above, it is **HEREBY ORDERED** as follows:

(1) Defendants/Third Party Plaintiffs' Motion to Remand [Rec. No. 4] is **granted.**

(2) Plaintiff's Motion for Joinder, or alternatively, Motion to Intervene. [Rec. No. 6] is **denied as moot**.

(3) This action is therefore **remanded in its entirety** to the Pike Circuit Court from which it was removed.

This 8th day of February, 2006.



**Signed By:**

*Gregory F. Van Tatenhove*

**United States District Judge**

---

[5]The Court also notes that a claimant is required to exhaust his or her administrative remedies prior to bringing a claim under ERISA for individual benefits in this Court.  <u>See</u> e.g., <u>Hill, et al v. Blue Cross Blue Shield of Michigan</u>, 409 F.3d 710, 717 (6th Cir. 2005) ("[I]t is well settled that ERISA plan beneficiaries must exhaust administrative remedies prior to bringing suit for recovery on an individual claim.") *citing* <u>Costantino, et al v. TRW, Inc., et al</u>, 13 F.3d 969, 974 (6th Cir. 1994).  It does not appear to this Court from the record below that the claimants have met this common law prerequisite to federal court jurisdiction.

8
